UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                                  Case No. 3:20-cr-82(1), (2)

vs.

ROGER WALTON, JR., *et al.*,                District Judge Michael J. Newman

      Defendant.

---

**ORDER: (1) FINDING THAT ROGER WALTON AND SHAWN WALTON EACH PROVIDED A VOLUNTARY, KNOWING, AND INTELLIGENT WAIVER OF HIS RIGHT TO SEPARATE COUNSEL; AND (2) CONFIRMING THAT ATTORNEY DIANE MENASHE MAY JOINTLY REPRESENT BOTH ROGER WALTON AND SHAWN WALTON IN THE PRESENT CASE**

---

This criminal case is before the Court following a conflict of interest hearing held on December 6, 2022 at 4:30 PM before Judge Michael J. Newman regarding attorney Diane Menashe's joint representation of Defendants Roger Walton and Shawn Walton in the instant case. The Court held this hearing pursuant to Fed. R. Crim. P. 44(c)(2), which outlines the Court's duties in cases of joint representation:

> The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

Fed. R. Crim. P. 44(c)(2).

Roger Walton and Shawn Walton appeared at this hearing with attorney Menashe. AUSAs Amy Smith and Rob Painter appeared on behalf of the Government. Both AUSAs agreed that no present conflicts of interest exist in attorney Menashe's representation of both Roger Walton and

Shawn Walton, but noted that a future issue could arise.  The AUSAs consented to attorney Menashe's dual representation of Roger Walton and Shawn Walton.  Attorney Menashe stated that there is no conflict and she does not foresee any arising in the future that could prejudice either Roger Walton or Shawn Walton.  She acknowledged that in the unlikely event a conflict arises in the future, she would transparently discuss those issues with her clients, determine next steps, and proactively approach the court.

The Court then turned to whether to permit Roger Walton and Shawn Walton to waive their right to separate counsel.[1]  "A defendant may make a knowing, intelligent, and voluntary waiver of [their] right to conflict-free counsel, and a defendant has a Sixth–Amendment right to counsel of [their] choice."  *United States v. Straughter*, 950 F.2d 1223, 1234 (6th Cir. 1991).  "A voluntary waiver of this constitutional right, knowingly and intelligently made, must be honored by the court in the absence of compelling circumstances."  *United States v. Reese*, 699 F.2d 803, 805 (6th Cir. 1983).  *See also United States v. Davis*, 490 F.3d 541, 548 (6th Cir. 2007) (finding that a husband and wife knowingly, voluntarily, and intelligently waived any conflicts stemming from joint representation because the court advised them of the potential issues, questioned them individually, and notified them to bring any conflict to their attorney's attention if one occurred).

The Court, as a threshold matter, determined that both Roger Walton and Shawn Walton were competent to proceed.  The Court then advised both Roger Walton and Shawn Walton, separately and individually, that each has a right to effective assistance of counsel, including separate representation.  The Court explained the charges and maximum punishment and the various ways that dual representation could disadvantage one or both defendants.  The Court also explained that both Roger Walton and Shawn Walton have a right to delay their decision and a

---

[1] The Court adhered to the procedure outlined in the *Benchbook for U.S. District Court Judges* § 1.08 (6th ed. 2013).

right to speak with outside counsel, at no expense to either defendant, about the decision to waive their right to separate counsel.  Roger Walton and Shawn Walton each stated that they understood the nature of the proceedings and were ready to decide whether to waive their right without consulting outside counsel.  Finally, both Roger Walton and Shawn Walton, clearly and on the record, orally waived their right to separate counsel.

The Court **FINDS** that Roger Walton and Shawn Walton each provided a voluntary, knowing, and intelligent waiver of his right to separate counsel.  Upon good cause shown that a conflict of interest is not likely to arise, the Court **ACCEPTS** the waiver of both Roger Walton and Shawn Walton of their right to separate counsel.  The Court **CONFIRMS** that attorney Menashe may proceed to jointly represent both Roger Walton and Shawn Walton in the present case.

**IT IS SO ORDERED.**

  December 8, 2022          s/Michael J. Newman
                                          Hon. Michael J. Newman
                                          United States District Judge