UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROGER EARL WALTON, *et al.*,

    Defendants.

Case No. 3:20-cr-82

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING THE PARTIES' JOINT, ORAL MOTION TO CONTINUE; (2) EXCLUDING THE TIME FROM MARCH 6, 2023 UNTIL APRIL 30, 2023 FROM THE SPEEDY TRIAL ACT CALCULATION; (3) FINDING THAT THE NEW SPEEDY TRIAL ACT DEADLINE IS JUNE 25, 2023; (4) SETTING A MOTION IN LIMINE DEADLINE FOR MARCH 10, 2023; (5) SETTING A FINAL PRETRIAL CONFERENCE FOR MARCH 21, 2023 AT 4:00 P.M. IN COURTROOM 4; AND (6) SETTING TRIAL TO BEGIN ON APRIL 4, 2023 AT 9:30 A.M.**

---

    This criminal case comes before the Court following a status conference held on February 7, 2023 to discuss case proceedings. Counsel for the Government and counsel for each Defendant were present at the conference. All parties stated that the trial date previously set, March 6, 2023, is not practicable and orally moved for a continuance to provide them with more time to exhaust plea negotiations and prepare for trial. The parties requested to continue the trial date until April, May, or June. Moreover, counsel for the Government stated that trying its case will require approximately two-and-a-half weeks.

    The Court agrees that a continuance is warranted based on the representations from counsel and the particularly complex nature of this case. *See* 18 U.S.C. § 3161(h)(7)(B)(ii) (stating that when determining whether to grant a continuance, a judge must consider "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the

existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the" seventy-day Speedy Trial Act deadline). The parties and the judge previously assigned to this case found that this case is complex because it involves multiple (initially six, but now four) co-defendants, voluminous discovery, and charges with significant sentences.  *See* Doc. No. 56 at PageID 214; Doc. No. 74 at PageID 316.  This case has required numerous pre-trial hearings and motions.  Additionally, all four remaining Defendants have received new counsel within the last seven months.  *See* Docs. No. 214, 233, 239;  *see also United States v. Richardson*, 681 F.3d 736, 740 (6th Cir. 2012) ("[C]ounsel's need for additional time to prepare an unusually complex case is an appropriate reason for granting a continuance") (quoting *United States v. Stone*, 461 F. App'x 461, 464–65 (6th Cir. 2012)).  Moreover, the parties indicated to the Court that they are attempting to resolve this case short of trial and require additional time to work towards such a resolution.  In the event those negotiations are unsuccessful, trying the case will require the uninterrupted availability of every defendant, counsel, and necessary witnesses for several weeks.

Thus, the Court finds that, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), after considering the factors set forth therein, the ends of justice are served by granting the requested continuance and that such continuance outweighs the best interest of the public and Defendants in a speedy trial.  Failure to grant the requested continuance would deny both the Government and Defendants the time necessary for effective preparation (such as having witnesses available to testify at trial), and the ability to explore all available means of resolving this case.  *See* 18 U.S.C. § 3161(h)(7).

The parties previously requested a continuance at a status conference held on August 15, 2022 (Doc. No. 222) and through a motion filed after the status conference.  Doc. No. 231.  At that time, the Court granted the request and scheduled trial for March 6, 2023, thus excluding time

from the Speedy Trial Act deadline through the March 6, 2023 trial date. *See United States v. Stone*, 461 F. App'x 461, 466 (6th Cir. 2012).

The Court now **GRANTS** the parties' joint, oral motion to continue the trial date. The time from March 6, 2023 through April 30, 2023 is **EXCLUDED** in computing the time period set forth in 18 U.S.C. § 3161 within which the United States must bring Defendants to trial. Accounting for the time excluded from the Speedy Trial Act calculation, the Court **FINDS** that the new Speedy Trial Act deadline in the instant case is **June 25, 2023**.[1] The Court **SETS** trial to begin on **April 4, 2023 at 9:30 A.M.** The Court, therefore, sets the following schedule:

| 1. | Motion *in Limine* Deadline | **March 10, 2023** |
| 2. | Final Pretrial Conference | **March 21, 2023 at 4:00 P.M. in Courtroom 4** |
| 3. | Trial Date | **April 4, 2023 at 9:30 A.M.** |

**IT IS SO ORDERED.**

February 13, 2023                              s/Michael J. Newman
                                               Hon. Michael J. Newman
                                               United States District Judge

---

[1] If counsel disagrees with this calculation, counsel shall contact the Court with their proposed Speedy Trial Act calculation and deadline.

3